J-S19009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALAN RICHARD WEIST | : | |
| | : | |
| Appellant | : | No. 1725 EDA 2017 |
| | : | |

Appeal from the Order May 22, 2017
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000240-2009

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JUNE 08, 2018**

Appellant, Alan Richard Weist, appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the relevant procedural history of this case as follows. On January 7, 2011, Appellant pled guilty to two counts of rape of a child.[1]  In accordance with the plea agreement, on March 31, 2011, the trial court sentenced Appellant to serve two consecutive terms of incarceration of seven to twenty years.  Thereafter, Appellant failed to perfect his direct appeal with this Court.

---

[1] 18 Pa.C.S. § 3121(c).

---

*   Retired Senior Judge assigned to the Superior Court.

On December 14, 2011, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. The PCRA court subsequently permitted counsel to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed Appellant's first PCRA petition on June 1, 2012. On May 15, 2013, this Court affirmed the PCRA court's decision. **Commonwealth v. Weist**, 81 A.3d 996, 1993 EDA 2012 (Pa. Super. filed May 15, 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On June 1, 2015, Appellant filed a *pro se* document entitled "Petition for Discovery." The PCRA court treated the item as a second PCRA petition and denied relief in an order entered September 1, 2015. Appellant filed a timely notice of appeal to this Court, and we ultimately affirmed the PCRA court's decision on November 7, 2016. **Commonwealth v. Weist**, 159 A.3d 578, 2954 EDA 2015 (Pa. Super. filed November 7, 2016) (unpublished memorandum). Appellant did not seek further review with our Supreme Court.

On May 18, 2017, Appellant filed a *pro se* "Petition for a New Trial and or Hearing Under After Discovered Evidence." The PCRA court denied the petition in an order entered May 22, 2017. This timely appeal followed. On June 5, 2017, the PCRA court entered an order directing that Appellant file a concise statement pursuant to Pa.R.A.P. 1925(b). The record further indicates

that a copy of the order was forwarded to Appellant the same day. On July 11, 2017, the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review:

1) WAS THE PIKE COUNTY COURT OF COMMON PLEAS IN ERROR FOR ITS DENIAL OF THE APPELLANT'S PETITION FOR NEWLY DISCOVERED EVIDENCE WITHOUT REQUESTING A HEARING TO REVIEW ALL OF THE SUPPORTED FACTS AND PARTIES INVOLVED USING DUE DILIGENCE AND NOT BASING THEIR OPINION ON MEMORY OF A CASE TO WHICH THE JUDGE ISSUING THE DENIAL WAS NOT THE JUDGE IN THE CASE?

2) WAS THE PIKE COUNTY COURT OF COMMON PLEAS IN VIOLATION OF THE APPELLANT'S RIGHTS BY ITS DENIAL OF HIS PETITION FOR NEWLY DISCOVERED EVIDENCE WHEN HE PRESENTED EVIDENCE OF WITNESS TAMPERING THAT WAS NOT IN HIS POSSESSION PRIOR TO THE GUILTY PLEA, OR BROUGHT TO THE APPELLANT'S ATTENTION BY HIS ATTORNEY?

3) IS [sic] THE APPELLANT'S RIGHTS BEING VIOLATED BY INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO OBTAIN THE WAYNE COUNTY CHILDREN AND YOUTH REPORTS OF SAID VICTIM TO ESTABLISH THIS IS NOT THE FIRST TIME SHE HAS MADE THESE CLAIMS AGAINST A PERSON, TO WHICH WOULD BE NEWLY DISCOVERED EVIDENCE?

4) WAS THE COURT IN ERROR FOR ITS DENIAL OF THE APPELLANT'S PETITION FOR NEWLY DISCOVERED EVIDENCE WHEN THE APPELLANT'S MOTHER CAME ACROSS A [sic] OLD PHONE BILL THAT WAS DURING THE TIME OF THE APPELLANT'S ARREST SHOWING THAT THE SEARCH WARRANT WAS ISSUED UNDER THE WRONG NAME AND NUMBER?

5) IS THE APPELLANT SERVING TIME ON CHARGES TO WHICH HE MAINTAINS HIS INNOCENCE, THAT A PRIOR COURT HEARING STATED THAT HE WAS A HONEST AND TRUSTING PERSON?

6) WAS THE COURT IN ERROR BY NOT HOLDING AN HEARING IN THIS MATTER TO WHICH CAUSED A GRAVE MIS-JUSTICE [sic] ON THE APPELLANT AND ALLOWED ANOTHER FAMILY MEMBER OF THE HOUSEHOLD TO SELL THE APPELLANT'S DAUGHTER INTO PROSTITUTION TO WHICH WAS FOUND GUILTY AND IS NOW

SERVING TIME IN A PENNSYLVANIA STATE PRISON ALONG WITH ANOTHER PERSON OUTSIDE THE FAMILY?

Appellant's Brief at 6 (capitalization in original).

We begin by determining whether Appellant's "Petition for a New Trial and or Hearing Under After Discovered Evidence" is properly considered to be a PCRA petition.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral

- 4 -

relief. ***Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claim at issue here, *i.e.*, Appellant's request for a new trial based upon evidence allegedly not available to him at the time of trial, is a claim that was available to him under the PCRA. The relevant portion of the PCRA provides as follows:

> **(a) General rule.**--To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> * * *
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> * * *
>
> (vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

42 Pa.C.S. § 9543(a)(2)(vi). Thus, the statute in this matter clearly provides that claims of after-discovered facts are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vi). Hence, because Appellant's claim is cognizable under the PCRA regardless of the caption of the petition, the PCRA court had no authority to entertain the claim except under the strictures of the PCRA.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

We must next address the consequences of Appellant's failure to file the court-ordered Rule 1925(b) statement.[2] Rule 1925(b)(4)(vii) directs that "[i]ssues not included in the Statement and/or not raised in accordance with

_____

[2] In its Pa.R.A.P. 1925(a) opinion filed on July 11, 2017, the PCRA court aptly stated the following:

> On June 5, 2017, this [c]ourt ordered that [Appellant] file a Concise Statement of Matters Complained of on Appeal within twenty-one (21) days from the date of the Order.
>
> As of July 11, 2017, [Appellant] still has yet to file a Concise Statement of Matters Complained of on Appeal. Due to this failure on the part of [Appellant], this [c]ourt is of the opinion that no issue has been preserved for appellate review. Therefore, [Appellant] has effectively waived any issues that he may wish to raise on appeal.

PCRA Court Opinion, 7/11/17, at 2-3 (unnumbered) (citations omitted).

the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(vii). In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), our Supreme Court established the bright-line rule that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." **Id**. at 309; **see also Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011) (Pa.R.A.P. 1925 "obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered.").

In 2007, our Supreme Court amended Rule 1925 and added subsection (c)(3), which directs us to remand for the filing of a statement *nunc pro tunc* if we are convinced that counsel has been *per se* ineffective. Pursuant to this provision, this Court remands where a **counseled** appellant in a criminal case fails to file a Rule 1925(b) statement or an untimely statement that amounts to *per se* ineffectiveness. **See Commonwealth v. Scott**, 952 A.2d 1190 (Pa. Super. 2008) (holding that counsel's failure to file Rule 1925(b) statement constitutes *per se* ineffectiveness requiring a remand).

This rule providing for a remand pursuant to Pa.R.A.P. 1925(c)(3) is not applicable in this matter. Because he is *pro se*, Appellant cannot assert his own ineffectiveness. **See Commonwealth v. Fletcher**, 986 A.2d 759, 773 (Pa. 2009) ("The law prohibits a defendant who chooses to represent himself from alleging his own ineffectiveness") (citing **Faretta v. California**, 422 U.S.

806, 834 n.46 (1975)). Indeed, our Supreme Court has stated that a *pro se* defendant "may not rely upon his own lack of expertise as a ground for relief." **Commonwealth v. Bryant**, 855 A.2d 726, 737 (Pa. 2004). Accordingly, Appellant's failure to file a Rule 1925(b) statement waives all claims. Pa.R.A.P. 1925(b)(4)(vii) (Issues not included in the Rule 1925(b) statement or not raised in accordance with the provisions of this paragraph (b)(4) are waived).

Furthermore, even if Appellant had filed a timely Rule 1925(b) statement, the PCRA court did not have jurisdiction to review the merits of Appellant's issues because Appellant did not satisfy the timeliness requirements of the PCRA. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[3]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

As noted above, the trial court imposed Appellant's judgment of sentence on March 31, 2011.  Appellant did not perfect a direct appeal.  Thus, his judgment of sentence became final on May 2, 2011.[4]  Therefore, Appellant

_____

[3]  The exceptions to the timeliness requirement are:

(i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4] We note that a direct appeal needed to be filed on or before Monday, May 2, 2011, because April 30, 2011, was a Saturday.  *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation).  *See also* Pa.R.A.P. 107; Pa.R.A.P. 903, note.

had until May 2, 2012, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3) (stating that, for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant filed the instant PCRA petition on May 18, 2017, over six years after his judgment of sentence became final. Consequently, the PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the record reflects that Appellant did not specifically raise any of the timeliness exceptions in his *pro se* PCRA petition. However, it appears that Appellant attempts to argue the timeliness exception under section 9545(b)(1)(ii). Appellant asserts that he was somehow unaware that defense counsel possessed information regarding the victim that was never shared with Appellant and that a warrant was issued that allegedly contained defective information. PCRA Petition, 5/18/17, at 2-5 (unnumbered). Appellant contends that this information consists of a portion of a fax

document, information about proceedings involving Wayne County Children and Youth Services, and additional materials such as telephone bills belonging to his mother.

We cannot ignore that Appellant was required to exercise due diligence in obtaining the information that forms the basis for his PCRA petition. This issue was addressed by our Supreme Court in **Commonwealth v. Stokes**, 959 A.2d 306 (Pa. 2008). In **Stokes**, the appellant was convicted of three counts of first-degree murder and related charges in 1983. The appellant then filed a timely direct appeal and a timely PCRA petition, which were unsuccessful.

In February of 2004, the appellant in **Stokes** initiated federal *habeas corpus* proceedings and obtained files from the United States Postal Service and the Philadelphia Police Department. He then filed a second PCRA petition alleging a **Brady** violation,[5] asserting the Commonwealth failed to disclose documents in the files, which contained exculpatory evidence. The appellant in **Stokes** claimed that he satisfied the "newly discovered fact" and "government interference" exceptions to the PCRA's timeliness requirements. The PCRA court found the PCRA petition to be untimely and denied his petition without a hearing, and our Supreme Court ultimately affirmed on appeal.

_____

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

In reaching its decision, our Supreme Court held that both exceptions mandate compliance with the sixty-day rule, which "requires a petitioner to plead and prove that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence." *Stokes*, 959 A.2d at 310. Thus, the proper questions with respect to timeliness in *Stokes* were "whether the government interfered with Appellant's access to the … files, and whether [the a]ppellant was duly diligent in seeking those files." *Id*. The Court in *Stokes* concluded the record established that the appellant had been aware of the existence of the files prior to seeking them, and he did not claim that the Commonwealth prevented him from accessing the files earlier. The Court in *Stokes* held the record indicated the appellant was aware of the existence of the files prior to filing his PCRA petition, and he did not explain why he did not seek them earlier; he thus failed to satisfy the due diligence requirement of the sixty-day requirement under the PCRA. *Id*., at 311.

Our review of the record reflects that, in his *pro se* PCRA petition, Appellant ineptly attempted to argue the timeliness exception under section 9545(b)(1)(ii), claiming he had newly discovered evidence. However, our review further reveals that Appellant's *pro se* PCRA petition is devoid of any discussion regarding the sixty-day rule. In addition, Appellant did not establish that he exercised due diligence in securing the evidence. Accordingly, we conclude that Appellant has failed to prove that he satisfied the sixty-day rule, that the information he relied upon in filing his third PCRA

petition could not have been obtained earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(2); **Stokes**, 959 A.2d at 310.

The PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address any claims presented. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy."). Thus, even if the issues were not waived by Appellant's failure to file a Pa.R.A.P. 1925(b) statement, the PCRA court lacked jurisdiction to address the claims and grant relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/8/18

- 13 -